MEMORANDUM ***
Kevin Glass, an engineer, appeals the district court’s grant of summary judgment in his action against Intel Corporation and Kursad Kiziloglu under the Age Discrimination in Employment Act, the Americans with Disabilities Act, California’s Fair Employment and Housing Act, and other California law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
The district court concluded correctly that there were no triable issues of material fact as to age or disability discrimination. Glass presented insufficient direct evidence of age and disability discrimination to raise a triable issue of fact. The district court also correctly applied the McDonnell Douglas test to his claims based on circumstantial evidence. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); see also Diaz v. Eagle Produce Ltd. P’ship, 521 F.3d 1201, 1207 (9th Cir.2008). Intel proffered a legitimate reason *256 for its actions, based on Glass’s numerous negative performance evaluations, and Glass failed to raise a genuine issue of fact as to whether Intel’s proffered reason for its actions was pretextual. See Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 660-61 (9th Cir.2002).
Glass’s claim that he suffered disability-based harassment also fails. Assuming a claim of harassment is cognizable under the ADA, Glass’s accounts of the comments made by his manager, Kiziloglu, and his treatment by his coworkers, do not reach the threshold required for a showing of workplace harassment. See Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (holding that simple teasing, offhand comments, and isolated incidents, unless extremely serious, do not amount to discriminatory changes in the terms and conditions of employment). Similarly, Glass fails to offer evidence that, when taken in the light most favorable to himself, would suggest that Kiziloglu’s conduct during their confrontation on September 3, 2002 rose to the level of an assault. See Cal.Penal Code § 240 (“An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.